UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

| | |
|---|---|
| **ANDREAS ALBERTI**<br>c/o 1825 K St., NW, Ste. 750<br>Washington, DC 20006<br><br>    Plaintiff,<br><br>        v.<br><br>**THE RECTOR AND VISITORS OF THE UNIVERSITY OF VIRGINIA**<br><br>    SERVE:<br><br>**James B. Murray Jr., Rector**<br>**Court Square Ventures**<br>**427 Park Street**<br>**Charlottesville, VA 22902**<br><br>    Defendant. | Case No.:   3:21-cv-14 |

## COMPLAINT

COMES NOW Plaintiff Andreas Alberti, by undersigned counsel, and complains of Defendant The Rector and Visitors of the University of Virginia ("UVA") as follows:

PRELIMINARY STATEMENT

1. UVA Professor Giorgio Carta unfairly provided Plaintiff two unsatisfactory grades and prevented Plaintiff from obtaining his PhD despite Plaintiff's successful execution of the research project that formed the basis for his doctoral degree. Plaintiff's successful work led to the project being extended from two to four years and UVA receiving an additional $100,000 in funding.

2. Carta's actions were motivated by Plaintiff's national origin, as evidenced by a variety of comments Carta made about Swiss people and the falsity of his claims about Plaintiff's

performance, and because Plaintiff engaged in protected activity by complaining to UVA about Carta's national origin discrimination.

3. Plaintiff brings this action to recover damages for discrimination and retaliation in violation of Title VI and Title VII of the Civil Rights Act of 1964.

## JURISDICTION AND VENUE

4. This Court has federal question jurisdiction over this action pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII") 42 U.S.C. § 2000e, *et seq.*, Title VI of the Civil Rights Act of 1964 42 U.S.C. § 2000d, *et seq.*, and 28 U.S.C. § 1331.

5. This Court has personal jurisdiction over Defendant because it has substantial contacts with and conducts business in the Commonwealth of Virginia.

6. Venue is proper in this Court pursuant to 42 U.S.C. § 2000e-5(f)(3) because Defendant committed the unlawful employment practice in Virginia in this judicial district.

## PARTIES

7. Plaintiff is a former employee and doctoral student at UVA.

8. UVA is an employer located in Charlottesville, Virginia that at all relevant times employed more than 500 employees.

9. UVA receives federal financial assistance.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

10. Plaintiff exhausted his administrative remedies by timely filing a charge of discrimination with the EEOC on December 18, 2020.

11. Plaintiff received a Notice of Right to Sue dated January 29, 2021.[1]

---

[1] Prior to EEOC issuing the right to sue, Plaintiff informed EEOC of the requirement that it investigate the charge for 180 days prior to issuing the right to sue, however, EEOC refused to continue investigating.

## FACTS

*Background*

12. Plaintiff has a Bachelor of Science in Biotechnology from the Swiss Federal Institute of Technology (ETH Zurich) and a Master of Science in Process Engineering also from the Swiss Federal Institute of Technology (ETH Zurich).

13. Plaintiff's professional career has included positions in academia, in the pharmaceutical industry, and in medicine biomanufacturing sites, where he has served in capacities including scientific research, research supporting research & development ("R&D"), biotechnology-process transfer, quality assurance of drug substance bioproduction, and risk assessment, including for mitigation of risks involving health, safety and environment matters.

14. Plaintiff's academic research work at ETH Zurich has led to patent applications in international jurisdictions.

15. On January 2016, Plaintiff was appointed as a graduate research assistant and enrolled in the chemical engineering doctoral degree program at UVA.

16. During his time as a graduate research assistant, Plaintiff was both a student and employee of UVA.

17. Giorgio Carta supervised Plaintiff's research project and related doctoral research from January 2016 until May 2020.

18. Plaintiff's doctoral dissertation research was entitled "Capture and Purification of Adeno-Associated Virus (AAV) by Chromatography."

19. This research has applications in the biopharmaceutical field with impact in bioprocess development to launch drug candidates for gene therapy applications in the U.S. and rest of the world.

20. During Plaintiff approximately four years as research assistant at University of Virginia, he collaborated with R&D teams working at Pfizer, Inc. ("Pfizer").

*Carta made discriminatory comments regarding Plaintiff's national origin during Plaintiff's employment*

21. Carta, who was raised in Italy and moved to the United States for his post-graduate studies, made numerous comments insulting Plaintiff's country of origin, Switzerland.

22. In or around 2016, Carta told Plaintiff that the school that Plaintiff attended in Switzerland did not educate him properly, implying that Swiss schools are deficient.

23. In or around 2016, when Plaintiff was talking to a visiting research assistant in German, Carta stated that the German that Plaintiff was speaking was not "the correct German language," "because it is the German used by the Swiss," implying that Plaintiff did not learn to speak proper German in Switzerland.

24. In or around December 2016 or January 2017, when Plaintiff brought Swiss chocolates as a thank you gift for Carta, he stated, "At least, the Swiss are able to manufacture chocolate," implying that the Swiss are unable to do anything else.

25. Throughout Plaintiff's time working with Carta, Carta repeatedly told Plaintiff "you don't speak proper English."

26. Plaintiff is a fluent English speaker and does not have issues speaking properly.

27. In October 2018, after he returned from an approximately year-long sabbatical that included a month as a visiting scholar in Switzerland, Carta stated that people from Switzerland are "nationalists."

28. When Plaintiff asked what he meant, he replied "Swiss people are hunters", "Swiss people have to defend their country".

29. In October 2018, and again in October 2019, Carta said that the "grocery stores in Switzerland don't provide good salads and veggies."

30. In 2019, Carta requested medical information about Plaintiff having had kidney stones and stated "people from your area are predisposed to kidney stones." Plaintiff is unaware of any basis for this generalization.

31. At other times, Carta displayed his disregard for non-discrimination policies by telling a Jewish student that "being Jewish is a pre-existing condition," during a discussion about the Affordable Care Act and stating that Jewish fasting did not make sense during another discussion.

32. In addition to these negative comments about Switzerland, Carta also made unjustified false comments about Plaintiff's work.

33. Carta made untrue comments about Plaintiff stating that he "doesn't make things work because [Plaintiff has] a masochistic personality," and that Plaintiff's "intellectual abilities are limited and [he is] missing intellectual curiosity."

34. On another occasion, Carta intimidatingly made a throat-slashing gesture when discussing what would happen to Plaintiff if Pfizer stopped funding their project.

*Plaintiff reported Carta's discrimination to UVA's Office for Equal Opportunity and Civil Rights*

35. In July 2018, Plaintiff contacted the University's Office for Equal Opportunity and Civil Rights to report Carta's behavior.

36. Plaintiff reported that Carta was harassing him and making discriminatory comments about his national origin, Switzerland.

37. Upon information and belief Carta found out Plaintiff reported him because shortly after Plaintiff's complaint, Carta intensified his harassment, discrimination, and retaliation towards Plaintiff.

38. Plaintiff also believes that Carta found out about his complaint because shortly after Plaintiff's complaint he saw a letter in Carta's laboratory in which Carta apologized for his work relationship with an unnamed student and assured that he wanted to have a good work relationship.

*Carta sabotaged the completion of Plaintiff's PhD chemical engineering program.*

39. Carta stopped Plaintiff from obtaining his PhD as originally planned by delaying Plaintiff's doctoral research proposal examination, which was originally scheduled for June 2018.

40. Carta required Plaintiff to postpone it and then later criticized Plaintiff for the postponement he ordered.

41. Plaintiff defended and passed the "doctoral research proposal examination in January 2019.

42. During the fall semester 2019 and spring semester 2020, Carta also attempted to sabotage Plaintiff's research performance by setting unrealistic deadlines that he communicated to Pfizer to place unnecessary pressure on Plaintiff to deliver modeling work within few weeks' time.

43. However, at the same time he slowed down the progress and presentation of results to Pfizer.

44. Despite Carta's actions, Plaintiff met the deadlines Carta established.

*The University was aware of Carta's actions but failed to stop his discriminatory harassment*

45. In 2019, Plaintiff also had multiple meetings, discussions and emails with Matthew Lazzara, the Graduate Program Coordinator for the Department of Chemical Engineering, about Carta's behavior.

46. After initially discussing the issues with Plaintiff, Lazzara recused himself and passed Plaintiff's complaints on to William Epling, the Chair of UVA's Department of Chemical Engineering.

47. In 2019, Plaintiff asked Epling if he could change supervisors due to Carta's hostile attitude.

48. Epling put off Plaintiff's request and refused to provide Plaintiff a path to pursue changing his supervisor from Carta to someone else.

49. Again, no actions were taken to address the ongoing issues.

*Plaintiff successfully performed his research*

50. Despite Carta's unfair treatment, Plaintiff succeeded in providing high-quality research and deliverables.

51. From 2016 to 2020, Plaintiff supported Pfizer and Pfizer scientists in developing processes for manufacturing gene therapy drugs to treat medical conditions such as Duchenne Muscular Dystrophy ("DMD") and Hemophilia.

52. Pfizer was so pleased with Plaintiff's research that the original two-year term of the project was financially supported for a one-year extension by Pfizer and the collaboration with Pfizer teams extended for two more years, until 2020.

53. As a part of this extension, Pfizer provided UVA / Carta around $100,000 in additional funding.

54. On November 26, 2019, Carta submitted the research abstract completed Pfizer research that Plaintiff had drafted to Pfizer for approval.

55. On December 17, 2019, Pfizer notified Carta that it had approved the research abstract.

56. Additionally, Carta told Pfizer that Plaintiff was performing valuable research.

57. On January 16, 2020, Carta submitted Plaintiff's research abstract and the results he generated from 2016 to 2020 to an international conference entitled Recovery of Biological Products 2020.

58. Plaintiff also successfully completed a follow-up assignment of providing a mathematical model and simulation work for a Pfizer teleconference research update, which Carta committed to present on behalf of Pfizer at the international conference entitled Recovery of Biological Products 2020.

59. Carta's willingness to present Plaintiff's research to the international academic and pharmaceutical industry communities confirms his work was successful.

60. Plaintiff's research on the Pfizer project made up practically the entirety of the work he performed for Carta in pursuit of his PhD, taking up almost all of his working time.

61. Plaintiff also successfully performed the minor additional job duties of serving as a teaching assistant one semester in the fall of 2017 (receiving a satisfactory grade that semester) and assisting Carta with various management and administrative tasks in the lab.

*Carta wrongfully graded Plaintiff "unsatisfactory" for spring semester 2020*

62. With Plaintiff's Pfizer research close to completion, Carta took steps at the next opportunity to have Plaintiff fired.

63. On June 1, 2020, Plaintiff learned from Assistant Dean for Graduate Education James Smith that Carta provided Plaintiff a grade of "unsatisfactory" for Spring Semester 2020.

64. Smith told Plaintiff that he would be terminated from UVA's PhD program due to two consecutive "unsatisfactory" grades.

65. Plaintiff did not have consecutive "unsatisfactory" grades (Carta provided unsatisfactory grades in the Spring Semester 2019 and the Spring Semester 2020), however the Dean's office of School of Engineering and Applied Science terminated Plaintiff regardless.

66. In June 2020, Plaintiff appealed the grade of "unsatisfactory" to the Graduate Studies Committee of School of Engineering & Applied Science.

67. On July 29, 2020, Plaintiff received a letter stating that the Graduate Studies Committee denied his appeal of the grade of "unsatisfactory" for the 2020 spring semester and upheld the dismissal from the chemical engineering doctoral program and termination from his position as a graduate research assistant.

68. The letter stated that the decision was based on materials provided by Carta, which were not shared with Plaintiff.

## DEMAND FOR JURY TRIAL

69. Plaintiff respectfully demands a jury trial on all Counts.

## COUNT 1

*National origin discrimination in violation of Title VII*

70. Plaintiff repeats and realleges each allegation of the complaint, as if fully set forth herein.

71. Defendant subjected Plaintiff to adverse employment actions because of Plaintiff's national origin in violation of Title VII.

72. Defendant acted intentionally, recklessly, and/or with malice.

73. As a result, Plaintiff has sustained damages including lost wages and emotional distress. Plaintiff's damages are continuing.

74. By reason of Defendant's discrimination, Plaintiff is entitled to all legal and equitable remedies available for violations of Title VII, including back pay, front pay, and compensatory damages in an amount to be determined by the jury that would fully compensate Plaintiff for the economic loss, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses, as week as punitive damages.

## COUNT 2

*National origin discrimination in violation of Title VI*

75. Plaintiff repeats and realleges each allegation of the complaint, as if fully set forth herein.
76. UVA is a recipient of federal financial assistance and is subject to regulation under Title VI of the Civil Rights Act of 1964.
77. Defendant discriminated against Plaintiff by providing him false and unjustified unsatisfactory grades and by removing him from the PhD program without permitting him to present his PhD dissertation and by not granting him a PhD.
78. Defendant acted intentionally, recklessly, and/or with malice.
79. As a result, Plaintiff has sustained damages including lost wages and emotional distress. Plaintiff's damages are continuing.
80. By reason of Defendant's discrimination, Plaintiff is entitled to all legal and equitable remedies available for violations of Title VI, including back pay, front pay, and compensatory damages in an amount to be determined by the jury that would fully compensate Plaintiff for the economic loss, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses, as week as punitive damages.

## COUNT 3

*Retaliation in violation of Title VII*

81. Plaintiff repeats and realleges each allegation of the complaint, as if fully set forth herein.

82. Plaintiff engaged in Title VII-protected activity by opposing national origin discrimination against him by Carta.

83. Defendant retaliated against Plaintiff because of his Title VII-protected activity by providing him false and unjustified unsatisfactory grades and by removing him from the PhD program without permitting him to present his PhD dissertation and by not granting him a PhD.

84. Defendant acted intentionally, recklessly, and/or with malice.

85. As a result, Plaintiff has sustained damages including lost wages, emotional distress, and pain and suffering. Plaintiff's damages are continuing.

86. By reason of Defendant's discrimination, Plaintiff is entitled to all legal and equitable remedies available for violations of Title VII, including back pay, front pay, and compensatory damages in an amount to be determined by the jury that would fully compensate Plaintiff for the economic loss, emotional distress, prejudgment interest, attorneys' fees, expenses, and costs of the action.

## COUNT 4

*Retaliation in violation of Title VI*

87. Plaintiff repeats and realleges each allegation of the complaint, as if fully set forth herein.

88. UVA is a recipient of federal financial assistance and is subject to regulation under Title VI of the Civil Rights Act of 1964.

89. Defendant discriminated against Plaintiff because he engaged in Title VI-protected activity by providing him false and unjustified unsatisfactory grades and by removing him from the PhD program without permitting him to present his PhD dissertation and by not granting him a PhD.

90. Defendant acted intentionally, recklessly, and/or with malice.

91. As a result, Plaintiff has sustained damages including lost wages, mental anguish, emotional distress, and pain and suffering. Plaintiff's damages are continuing.

92. By reason of Defendant's discrimination, Plaintiff is entitled to all legal and equitable remedies available for violations of Title VII, including back pay, front pay, and compensatory damages in an amount to be determined by the jury that would fully compensate Plaintiff for the economic loss, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses, as week as punitive damages.

**WHEREFORE**, Plaintiff requests that this Court enter judgment against Defendant on all Counts, and award Plaintiff damages consisting of lost wages and benefits; compensatory damages for emotional distress, mental anguish, and pain and suffering; punitive damages; an amount equal to the tax on any award; costs; attorney's fees; and any such other relief as the Court deems just and proper.

Respectfully submitted,

Alan Lescht & Associates, P.C.

By:   */s/Jack Jarrett*

                                    Jack Jarrett
                                    (VSB# 86176)
                                    1825 K St., NW, Ste. 750
                                    Washington, DC 20006
                                    T: 202.463.6036
                                    F: 202.463.6067
                                    jack.jarrett@leschtlaw.com
                                    *Attorney for Plaintiff*